IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

GUO XING WANG,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3297-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 9, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is purportedly a native and citizen of China who entered the United States in 1992. In 1996, removal proceedings were initiated, and in 1997 the immigration court granted petitioner voluntary departure in lieu of removal, with the condition that an order of removal would take effect if petitioner did not depart by the deadline. In 1999, the Board of Immigration Appeals (BIA) dismissed petitioner's appeal of that order, and it appears that petitioner failed to depart by the deadline, meaning he became subject to a final order

of removal. In 2010, immigration officials detained petitioner but then released him subject to an order of supervision (OSUP). Officials revoked petitioner's release in December 2025, and they detained petitioner on January 6, 2026. Petitioner is presently detained within this judicial district. On August 13, 2026, petitioner filed this habeas action; respondents have now filed an answer, and the deadline for a traverse from petitioner has passed, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that he has been detained for more than six months without any removal plan. It appears that petitioner is subject to a final removal order, and his detention is therefore governed by 8 U.S.C. § 1231, which provides for mandatory detention. The Court therefore analyzes petitioner's claim under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D.

Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Initially, the Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Petitioner has now been detained for more than 8.5 months, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Immigration officials have not succeeded in removing him during that time, nor have they indicated when removal may occur.

The Court further finds that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that in July 2026 China refused a request for a travel document for petitioner, on the ground that it could not verify petitioner's nationality; and that the request was resubmitted on August 19, 2026, but that China has not yet responded to the second request. The declarant has not provided necessary details, however, including any specific reasons why petitioner's nationality could not be verified; whether the second request to China included any new information or otherwise addressed specific obstacles noted in the first denial; and why China is likely to grant the second request. Nor did the declarant address how long it might take to accomplish removal if China does issue a travel document. Nor has the declarant updated the declaration with any new information since it was made one month ago. In the absence of specific evidence showing the likelihood of petitioner's removal and when petitioner might actually be removed, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have failed to remove petitioner for over 8.5 months and have failed even to verify petitioner's nationality satisfactorily during that time, petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **October 9, 2026**.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 9, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] In light of this outcome, the Court need not address petitioner's claim that he has not been provided a bond hearing during his detention.